UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA BARNETT,

    Plaintiff,

v.

ANTHONY BYNUM, JAMES LANT, ERIC HOLLOWELL,

    Defendants.
_____/

Case No. 13-cv-14063

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO SUPPRESS THE TESTIMONY OF TROY ENYART [39], GRANTING DEFENDANTS' MOTION TO LIMIT THE TESTIMONY OF AHMAR ZAMAN [41], AND GRANTING DEFENDANTS' MOTION TO PREVENT DR. CHERYL MUNDY FROM TESTIFYING AT TRIAL [47]**

## I. INTRODUCTION

Sandra Barnett ("Plaintiff") commenced this action on September 23, 2013 against the City of Highland Park, Anthony Bynum, James Lant, and Eric Hollowell ("Defendants"). *See* Dkt. No. 1. On October 2, 2015, the Defendants filed a Motion in *Limine* to (1) preclude the Plaintiff from calling Troy Enyart as a witness, (2) to exclude the deposition testimony of Troy Enyart and (3) to exclude any and all evidence of documents and tangible materials produced at the time of Troy Enyart's deposition. *See* Dkt. No. 39. Defendants also filed a Motion in *Limine* to exclude the deposition of Ahmar Zaman at Trial,[1] or in the alternative, specific portions of the deposition. Plaintiff filed a response to one of the motions, but it was not filed in a timely fashion. *See* Dkt. No. 45. On October 29, 2015, Defendants filed a Motion to Strike to prevent an expert witness from being called. *See* Dkt. No. 47. For the reasons discussed herein, the Court

---

[1] This Motion, while the title purports to focus on a "deposition," is really a motion to limit the testimony of the witness.

**DENIES** Defendants' first Motion [39], and **GRANTS** Defendants' second Motion [41]. Further, the Court **GRANTS** the Defendants' Motion to Strike [47].

## II. LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Although neither the Federal Rules of Evidence, nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*, the Supreme Court has allowed district courts to rule on motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials." *See Luce*, 469 U.S. at 41 n.4.
A district court should grant a motion to exclude evidence *in limine* "only when [that] evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial. *See Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41–42.

### III. DISCUSSION

**A. Defendants' Motion to Exclude Troy Enyart's Testimony**

Defendants have moved to prevent Troy Enyart from being called as a witness and to exclude his deposition transcript, as well as any documents produced at the deposition, from evidence. But these motions seem to be based on a fundamental misunderstanding of the way witness trial testimony and deposition testimony function. Additionally, Defendants have also requested that the Court sanction the Plaintiff for violation of discovery rules.

*a. The Motion to Prevent Troy Enyart from Being Called as a Witness is Denied*

The Defendants state that they were not provided proper notice of Mr. Enyart's deposition pursuant to Fed. R. Civ. Pro. 30(b)(1). Plaintiff admits to this error. *See* Dkt. No. 45 at 2 (Pg. ID No. 213). The Defendants argue that because Rule 30 was violated, the deposition should be excluded from evidence. Dkt. No. 39 at 9 (Pg. ID No. 162). The Defendants then argue that because the deposition must be excluded, the deponent may not be called. *Id.* Obviously, there are a couple of problems with this argument.

First, Defendants cite to *Lauson v. Stop-N-Go Foods, Inc.*, 133 F.R.D. 92 (W.D.N.Y. 1990) to support their argument. Setting aside the fact that *Lauson* is not binding on this Court, in *Lauson*, the violating party moved for the admission of the deposition that was at issue, specifically because the deponent was unavailable under Federal Rule of Civil Procedure 32(a)(4)(B). *Lauson*, 133 F.R.D. at 93. The Court in *Lauson* specifically stated "the decision of whether or not to admit deposition testimony is within the district court's sound discretion." *Id.* at 94 (citing, *Duttle v. Bandler & Kass*, 127 F.R.D. 46, 49 (S.D.N.Y. 1989)).

Here, the Plaintiff has not moved for the admission of Mr. Enyart's deposition testimony. Even if Plaintiff did, it would still be within the discretion of the Court to overlook the Rule 30

violation. Therefore, the Defendants' lone case does not support the foundation for their argument. As a result, Defendants' argument begins to cave on itself.

Defendants arbitrarily state "for the reason that a party's absence [at the deposition] is prejudicial and unfair, then violation of the rule should also preclude Plaintiff from calling the deponent as a witness during trial." This is flatly wrong. The taking of a deposition is not relevant to the witness's availability at trial. *See* Fed. R. Civ. Pro. 45. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence require a deposition even be taken before a witness may be called to testify. As unwise as it would be, the parties do not have to depose any witnesses at all. Accordingly, the Motion to preclude Troy Enyart from testifying at trial fails.

### b. The Motion to Exclude Troy Enyart's Deposition Testimony is Moot

Defendants also move for the exclusion of Troy Enyart's deposition testimony/transcript. They argue that because Plaintiff violated Rule 30(b)(1), the deposition testimony should be excluded from evidence.

A more compelling argument would have pointed to the fact that the deposition transcript was inadmissible hearsay evidence under Federal Rule of Evidence 802. *See* Fed. R. Evid. 802. Another argument would have pointed to the fact that the deposition may not be used as substantive evidence because Troy Enyart is available to testify at trial. *See* Fed. R. Civ. Pro. 32(a)(4).

However, since Plaintiff has not moved for the admission of the deposition testimony as of yet, this Motion is premature. In fact, considering that Mr. Enyart may be called, it would seem wise for Defendants to do their best to keep the transcript available for impeachment purposes.

      *c. The Motion to Exclude Documents Produced at Troy Enyart's Deposition Should be Denied*

The Defendants also attempt to use the Rule 30(b)(1) violation to exclude documents that were published to the deponent during his deposition. The Defendants state they "did not have the opportunity to depose Mr. Enyart or examine any evidence produced by Mr. Enyart at his deposition. Therefore, Plaintiff should be [prevented] from admitting any and all documents and materials produced at Mr. Enyart's deposition at trial." Dkt. No. 39 at 11 (Pg. ID No. 164). This argument has no merit.

For the same reasons why Mr. Enyart himself is allowed to testify, Plaintiff's counsel may attempt to admit whatever documents were produced at the deposition itself, subject to any further evidentiary objections.

      *d. The Request for Sanctions is Denied*

Under Rule 30(d)(2), "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. of Civ. Proc. 30(d)(2). Defendants argue that the failure to provide notice of Mr. Enyart's deposition should incur sanctions.

Such a determination is within the broad discretion of the Court. *Campos v. MTD Products, Inc.*, 2009 WL 2252257, at *4 (M.D. Tenn. 2009). The Court focuses on whether, "considering the totality of the circumstances, a party or its counsel 'impeded, delayed, or frustrated' a deposition such that expenses and/or attorneys' fees should be awarded to the other side." *Id.*

While Plaintiff admits to violating Rule 30(d)(2), it should be noted that it does not appear that the violation has caused the Defendants to have to spend any more money. Moreover,

it does not appear that the deposition caused any delay or frustration of discovery. Defendants have not alleged any facts that demonstrate otherwise. Therefore the request for sanctions will be denied.

### B. Defendants' Motion to Exclude Any Expert Opinions of Ahmar Zaman

Defendants also object to the testimony of Ahmar Zaman. *See* Dkt. No. 41. Defendants argue that Ahmar Zaman may not testify as an expert because he was not identified by the Plaintiff as an expert under Rule 26(a). *Id.* at 9 (Pg. ID No. 193). They further argue that he "lacks the proper licensing, qualifications, [and] credentials to make conclusions with a scientific basis." *Id.* at 10 (Pg. ID No. 194).

Rule 702 of the Federal Rules of evidence codifies the central holding of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). *Lokai v. Mac Tolls, Inc.*, 2007 WL 1666025 (S.D. Ohio 2007). There are four factors the trial court may employ in determining whether expert testimony is reliable: (1) whether the theory has been tested; (2) whether it has been subject to peer review; (3) whether a technique has a potential rate of error; and (4) whether the theory is generally accepted within the scientific community. *Daubert*, 509 U.S. at 592-594.

The above factors are neither definitive, nor exhaustive, and may or may not be pertinent to the assessment in any particular case. *See Kumho Tire v. Carmichael*, 526 U.S. 137, 141 (1999); *see also In re Scrap Metal,* 527 F.3d 517, 529 (6th Cir. 2008) (noting the factors "may be tailored to the facts of a particular case," and "should be applied only where they are reasonable measures of the reliability of expert testimony.") (quotation marks and citations omitted). Thus, the trial court has broad latitude to determine whether these factors are reasonable measures of reliability in a particular case. *See id.* at 153; *see also In re Scrap Metal*, 527 F.3d at 529 (noting

that the test for reliability is flexible, and the *Daubert* factors do not constitute a definitive checklist or test and may not be dispositive in every case.).

In fulfilling its "gatekeeping" duties the Court is not required to hold an actual evidentiary/*in limine* hearing to comply with *Daubert;* however, the Court must make a determination of proposed experts' qualifications and an assessment of the relevance and reliability of his proffered testimony. *See Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999); *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000); *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 516 (6th Cir. 1998); *cf., Kumho Tire*, 526 U.S. at 152 (noting abuse of discretion standard applies to the trial court's decision as to whether a hearing is needed to determine reliability of an expert).

Ultimately, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *GE v. Joineri*, 522 U.S. 136, 146 (1997). Nevertheless, it is important to note that the "rejection of expert testimony is the exception, rather than the rule[.]" *In re Scrap Metal*, 527 F.3d at 530.

Here, Defendants argue that Mr. Zaman "does not have the proper background to qualify as an expert." Dkt. No. 41 at 10 (Pg. ID No. 194). "At the time of his contact with Plaintiff, Ahmar Zaman, was a first year psychology student at the graduate level without certification or license to practice psychology." *Id.* Plaintiff has not responded to the Motion.

Seeing no opposition, the Court will prevent the witness from making expert conclusions[2] regarding any diagnosis or causes of psychological harm because the witness does not have the requisite background and experience. However, seeing as Mr. Zaman did have contact with the

---

[2] At the hearing, Plaintiff's counsel indicated that he had no intention of calling Mr. Zaman as an expert witness.

Plaintiff, and may have personal knowledge that is relevant to the case, Mr. Zaman may still testify as to his rationally based lay perceptions under Federal Rule of Evidence 701.

### C. Defendants' Motion to Strike Dr. Cheryl Mundy

Finally, the Defendants have moved to strike seeking to strike Dr. Cheryl Mundy as an expert witness. Defendants argue that the doctor was not disclosed in a timely manner. Trial in this matter is scheduled for November 17, 2015. *See* Dkt. No. 44. Under Federal Rule of Civil Procedure 26(a), the Plaintiff was required to disclose all expert witnesses at least 90 days before trial. Fed. R. Civ. Pro. 26(a). Therefore, Plaintiff was required to disclose Dr. Cheryl Mundy as an expert witness by August 19, 2015 at the latest. Because Dr. Cheryl Mundy was not disclosed in a timely fashion, Plaintiff is not allowed to call Dr. Mundy as an expert witness at trial. Accordingly, Defendants' Motion to Strike is **GRANTED**.

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' first Motion [39], and **GRANTS** Defendants' second Motion [41]. Further, the Court **GRANTS** the Defendants' Motion to Strike Dr. Mundy as a witness.

IT IS SO ORDERED.

Dated: November 12, 2015  
Detroit, MI

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record l on November 12, 2015. Service was done electronically and by U S Postal Mail as required.

s/Teresa A. McGovern  
Case Manager Generalist